■ CLAIRE PAPADOPOULOS, Appellant, v GREGORY PAPADOPOULOS, Respondent. [771 NYS2d 81]—

Order, Supreme Court, New York County (Walter Tolub, J.), entered December 30, 2002, which granted defendant's motion to the extent of directing the payment of the sum of $58,000 to the New York State Department of Taxation for the account of defendant, unanimously reversed, on the law, with costs, and the motion denied.

The parties were married in 1972 and have a special needs minor child. Plaintiff has been a housewife since the birth of their son, and defendant is an options trader. During the marriage, the parties enjoyed a high standard of living, which included maintaining residences in New York City and Quogue, New York, and Palm Beach, Florida.

The divorce action, filed in June 2001, resulted in more than a year of fierce and relentless proceedings between the parties. During the course of this acrimonious litigation, the court ordered defendant to pay child support and maintenance. However, defendant, claiming an adverse change in financial circumstances, failed to comply with these support orders and amassed significant arrears. Consequently, Justice Gische found it critical that "funds be made available for the plaintiff's support" and granted her the right to sell the parties' home in Quogue, as it was neither party's primary residence. The court directed plaintiff to disburse to herself, from the net proceeds of the sale, almost $140,000 in outstanding arrears owed by defendant and to place the remaining net proceeds into two separate escrow accounts.

Defendant, claiming financial inability and blaming plaintiff for incurring what he believed to be excessive tax liability, moved by emergency order to show cause before a different justice (Tolub, J.) to direct, inter alia, plaintiff's escrow agent to disburse $228,000, the approximate amount of federal and New

York State taxes for which defendant was liable due to the sale of his interest in the Quogue home. In response, plaintiff alleged that defendant was not only financially capable of paying his share of the taxes, but had continued to maintain a lavish lifestyle, thus contradicting his claim of financial adversity. Further, on appeal, plaintiff accuses defendant of deceitful tactics in making this emergency motion knowing that Justice Gische was on vacation in order to convince an "unsuspecting" judge, unfamiliar with the history of the divorce action, that he could not afford the tax liability from the sale and that plaintiff should be directed to pay his share. The court, without explanation, granted defendant's motion to the extent of directing plaintiff's escrow agent to pay the sum of $58,000 to the New York State Department of Taxation on defendant's behalf.

Plaintiff now appeals and argues that the motion court abused its discretion in compelling plaintiff to pay defendant's New York State taxes on the sale of the Quogue property from escrow monies set aside from the net proceeds of the sale.

The record does not support a finding that defendant has undergone a change in financial circumstances such that plaintiff, the nonmonied spouse, should pay his share of the tax liability. Rather, the record indicates that defendant continues to maintain his residence in Palm Beach, described by Justice Gische as "nothing short of a mansion" with a monthly mortgage of $16,000, and rents a pied-a-terre in New York City for $6,800 per month. Given defendant's continued lavish lifestyle coupled with his repeated and contumacious failure to comply with prior orders of support, we find the motion court abused its discretion by directing an inequitable distribution of the parties' tax obligations (see *Pauk v Pauk*, 232 AD2d 386 [1996], *lv dismissed* 89 NY2d 982 [1997]). Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.